# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| DEBORAH R. SEAMSTER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | NO. 2:14CV320 PPS |
| | ) | |
| PAUL R. CHAEL and | ) | Appeal from Bankruptcy |
| JAMES SADLOWSKI, | ) | Petition #14-21849-jpk |
| | ) | |
| Appellees. | ) | |

## OPINION AND ORDER

On May 30, 2014, Deborah Seamster filed a *pro se* Chapter 13 petition in the United States Bankruptcy Court seeking debt relief. The Trustee filed a motion to dismiss the case on June 26. Several days later on July 1, Bankruptcy Judge Klingeberger issued an order scheduling a hearing on the motion to dismiss. [DE 1 at 7.] The next day, Seamster filed a Notice of Appeal directed to the July 1 order (which merely set a hearing and was not itself a dispositive order). [DE 1 at 9.]

Seamster did not pay the applicable $298.00 filing fee associated with an appeal. On July 8, Judge Klingeberger issued an order bringing the omission to Seamster's attention and warning that the appeal might be dismissed without further notice if the fee was not paid within seven days. [DE 1 at 10.] As of October 6, the Clerk of the Bankruptcy Court advises that Seamster has not paid the required filing fee.

Besides Seamster's failure to pay the filing fee, the appeal has other problems as well. The July 1 order setting a hearing is not a final, appealable order, because it grants no ultimate relief to any party. Furthermore, both the Trustee's motion to dismiss and the hearing were shortly thereafter undone – on July 10, the Trustee withdrew that motion to dismiss and the

bankruptcy court cancelled the hearing. [DE 1 at 12, 13.] So any appeal associated with either the motion to dismiss itself or the hearing scheduled concerning the motion were rendered moot.

All of this was explained to Seamster by the bankruptcy judge when she appeared for a July 25 hearing on her effort to obtain a stay of eviction based on her appeal.[1] At that time, Seamster indicated that her Notice of Appeal was an attempt to appeal the dismissal of a prior Chapter 13 case. Judge Klingeberger's July 31 order describes the procedural scenario and his attempt to explain to Seamster that she could not appeal the dismissal of one case by a filing in a different case, and that the time for appeal of the earlier case had long since expired. [DE 1 at 28.][2] Reviewing why an automatic bankruptcy stay of eviction proceedings was not available to Seamster merely based on her Chapter 13 petition, Klingeberger further denied a stay pending appeal, finding that Seamster "has no possibility whatsoever of success with respect to her appeal of the July 1, 2014 hearing scheduling order." [*Id*. at 29.]

Seamster's bankruptcy case was later dismissed based on her failure to have complied with the required credit counseling course and with an installment plan for her filing fee. [DE 1 at 31-32.] But this happened on August 21, 2014, and is not the subject of the Notice of Appeal Seamster filed on July 2.

Finally, as the appellant, Seamster was required to file her brief in support of her appeal by September 22. No brief has been filed.

ACCORDINGLY:

---

[1] The avoidance of eviction motive appears to explain much about Seamster's filings in the bankruptcy court.

[2] The order also again reminds Seamster that the $298 filing fee for the appeal remained unpaid. [*Id.* at 27.]

Appellant Deborah Seamster's Notice of Appeal from the United States Bankruptcy Court is DISMISSED because she has failed to pay the required filing fee despite several warnings to do so, because the order to which the notice was directed was not a final appealable order, because the order was later vacated rendering the appeal moot, and because Seamster has not timely filed the required brief in support of her appeal.

SO ORDERED.

ENTERED: October 14, 2014.

    /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT